IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA S.[1] o/b/o A.M.S. a minor child, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:18-cv-00463 |
| ) | |
| ANDREW SAUL, Commissioner, Social ) | By: Elizabeth K. Dillon |
| Security Administration, ) | United States District Judge |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Angela S., on behalf of A.M.S., a minor child, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying Angela S.'s claim for social security income (SSI) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On December 20, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 20.) Plaintiff filed a timely objection on January 2, 2020. (Pl.'s Obj., Dkt. No. 21.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny Angela S.'s motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–9.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

## B. Angela S.'s Objections

In her summary judgment brief, Angela S. argued that the ALJ erred in finding that A.M.S.'s depressive disorder is not a severe impairment; that A.M.S. has marked limitations in the domains of Attending and Completing Tasks, Interacting and Relating with Others, and Moving About and Manipulating Objects;[2] and that the ALJ's assessment of A.M.S.'s subjective

---

[2] Social Security regulations establish a three step sequential evaluation process for determining whether a minor is disabled: (1) whether the claimant is engaged in substantial gainful activity; (2) if the claimant is not engaged in substantial gainful activity, whether the claimant suffers from "an impairment or combination of

allegations is not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 14–26, Dkt. No. 14.) In many if not most respects, Angela S.'s objections are a restatement of her summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before the magistrate judge. The court will, however, address the following objections.

In considering the domain of Interacting and Relating with Others, the magistrate judge stated the ALJ "may have oversimplified the situation when he wrote that '[n]o allegations have been made regarding this area.'" (R&R 20 (quoting Tr. 20).) Angela S. argues that this was an impermissible attempt to rehabilitate the ALJ's deficient assessment of this domain. The court, like the magistrate judge, does not consider the ALJ's assessment to be deficient. The ALJ noted claimant's history of oppositional defiant disorder but found the impairment to be nonsevere because it was largely historical. (Tr. 13.) This finding is supported by the lack of disciplinary problems after 2015, A.M.S.'s testimony at the hearing about his interactions with three or four close friends, and the state agency doctor findings of no problems in this domain. (Tr. 79.) The ALJ's finding of no limitation in this area is supported by substantial evidence.

Regarding the Attending and Completing Tasks domain, Angela S. contends that the magistrate judge failed to acknowledge that the ALJ's assessment was scant and discusses other evidence not relevant to the domain. For instance, the ALJ gave little weight to certain ninth grade teacher questionnaires, partly because of their failure to observe A.M.S.'s physical limitations. (Tr. 16–17.) Angela S. is correct that physical limitations are not explicitly

---

impairments that is severe"; and (3) if the claimant suffers from a severe impairment or impairments, whether the impairment or impairments meets, medically equals, or functionally equals a listing. 20 C.F.R. § 416.924(a)–(d). At the third step, the ALJ considers six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To be found disabled, the claimant must have marked limitations in two domains or an extreme limitation in one domain.

considered under this domain,[3] but the ALJ's analysis was that the teachers' "inability to observe physical limitations which are apparent in the record calls into question these teachers' observations." (Tr. 16.) In other words, the ALJ was not conducting an analysis of physical limitations in connection with this domain, he was stating a reason that the statements in the teacher questionnaires were entitled to little weight. Angela S. also complains that the ALJ referred to the science teacher's questionnaire as a "outlier," (Tr. 17), but then did not specifically address that teacher's opinions regarding the ability to attend and complete tasks. As the magistrate judge noted, the ALJ did assess this opinion by stating that A.M.S. "has not historically exhibited much difficulty interacting with others, caring for himself, or generally learning." (Tr. 17.) While the ALJ could have provided a more detailed analysis of this teacher's opinion, further analysis was not required. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (stating that there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"); *Mellon v. Astrue*, C/A No. 4:08-2110-MBS, 2009 WL 2777653, at *13 (D.S.C. Aug. 31, 2019) (explaining that "it is widely held that ALJs are not required to specifically discuss and analyze every piece of evidence in the case in their narrative opinions so long as it is possible for the reviewing court to realize that all relevant evidence was considered . . . in reaching the ultimate decision") (collecting cases).

III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court

---

[3] "In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h); § 416.926a(h)(2)(v) (age group descriptor for adolescents age twelve to eighteen).

5

will overrule Angela S.'s objections, adopt the magistrate judge's recommendation, grant the Commissioner's motion for summary judgment, and deny Angela S.'s motion for summary judgment.

An appropriate order will be entered.

Entered: February 5, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge